# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-03145 AHM (PLAx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | WALTER KOSTRZEWA v. NOVARTIS PHARMACEUTICALS CORP. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:      Attorneys **NOT** Present for Defendants:

**Proceedings:**        IN CHAMBERS (No Proceedings Held)

Before the Court is a response from plaintiff Walter Kostrzewa ("Plaintiff") to the Court's order to show cause why this case should not be transferred to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses. In its order to show cause, the Court directed Plaintiff to respond to specific questions concerning the comparative merits of this action being maintained either in the Central District of California or in the District of Massachusetts.

Rather than provide answers to the questions posed by the Court, Plaintiff instead requested that this Court retain the case pending Plaintiff's contemplated request to have this action transferred as a "tagalong" to MDL 1760. By failing to provide any information concerning the comparative convenience of the Central District of California over the District of Massachusetts, Plaintiff has conceded that the District of Massachusetts is a more convenient forum for the parties and witnesses.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's Complaint alleges claims for strict liability, negligent manufacturing, failure to warn, and breach of warranty, arising out of defendant Novartis' ("Defendant") production and marketing of drugs that cause osteonecrosis of the jaw. Based on the allegations in the Complaint, Plaintiff resides in Massachusetts and Defendant is a Delaware corporation with principal offices located in New Jersey. The Complaint alleges that the basis for venue in the Central District of California is 28 U.S.C. §§

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03145 AHM (PLAx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | WALTER KOSTRZEWA v. NOVARTIS PHARMACEUTICALS CORP. | | |

1391(a) ("A civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought only in . . . a judicial district where any defendant resides, if all defendants reside in the same State . . . .") and 1391(c) ("For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.").

## II.     ANALYSIS

Under 28 U.S.C Section 1404(a), a court may transfer an action "to any other district where it might have been brought" "[f]or the convenience of parties and witnesses, [and] in the interest of justice." A court may transfer venue in response to a motion by either party in the case, or upon its own motion. *See Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964, 966 (9th Cir. 1993). However, "a transfer is inappropriate when it merely serves to shift inconveniences from one party to the other." *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1083 (Fed. Cir. 1989).

Transfer under 28 U.S.C. §1404(a) is only available to districts in which the case "might have been brought" initially. *Id.* Thus, the "transferee court" must have subject matter jurisdiction, venue must be proper, and the defendants must be subject to personal jurisdiction. The § 1404 transfer analysis therefore has two steps: (1) Whether the district to which the moving party seeks to transfer meets the requirement of being one where the case "might have been brought"; and (2) if it does, would transfer serve the interest of the convenience of parties and witnesses, and the "interest of justice."

### A.     This Action Could Have Been Brought in the District of Massachusetts

By failing to address the issues raised in the Court's order to show cause, Plaintiff does not dispute that the District of Massachusetts has subject matter jurisdiction and personal jurisdiction over Defendant. Plaintiff's claims stem from the medication he ingested. As a citizen of Massachusetts, venue is proper there because a substantial part of the events or omissions giving rise to Plaintiff's claims presumably occurred there. *See* 28 U.S.C. § 1391(b)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03145 AHM (PLAx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | WALTER KOSTRZEWA v. NOVARTIS PHARMACEUTICALS CORP. | | |

**B.     The Interests of Convenience and Justice Are Served By Transfer**

In analyzing the second prong of a transfer under § 1404, the Court may consider several factors to determine whether the convenience and interest of justice elements of § 1404(a) are met by the proposed transfer: (1) convenience to the parties and witnesses; (2) relative ease of access to evidence; (3) availability of compulsory process for attendance of unwilling witnesses; (4) plaintiff's choice of forum; and (5) administrative considerations. *See Decker Coal Co. v Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *E. & J. Gallo Winery v. F. & P. S.P.A.*, 899 F. Supp. 465 (E.D. Cal. 1994). The factors are each sub-categories of the three general factors listed in the text of section 1404(a) itself: the convenience of parties, the convenience of witnesses, and the interest of justice. The Court is to interpret these factors broadly, and to apply them to the particular facts of each individual case. *See, e.g., id.* at 466. There is a large number of factors that courts have considered in weighing the propriety of a § 1404(a) transfer, not all of which are particularly relevant here. Thus, rather than discussing all possible influences on the Court's decision, the Court will focus only on those factors that are of significance in this case.

      1.     Convenience to the Parties

Plaintiff resides in the District of Massachusetts. Defendant is a corporation with its principal place of business in New Jersey. It appears that the District of Massachusetts is therefore a more convenient venue for Plaintiff, and likely a more convenient venue for Defendant as well (as compared to California).

      2.     Convenience to the Witnesses

"The convenience of witnesses is often the most important factor considered by the court when deciding a motion to transfer for convenience." *Kannar v. Alticor, Inc.*, 2009 U.S. Dist. LEXIS 35091 at *4 (N.D. Cal. April 4, 2009) (internal citation omitted). Further, "[i]n balancing the convenience of the witnesses, primary consideration is given to third part[ies], as opposed to employee witnesses." *Id.*; *Brandon Apparel Group, Inc. v. Quitman Mfg. Co. Inc.*, 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999) ("The determination of whether a particular venue is more convenient for the witnesses should not turn on which party produces a longer witness list. Rather, the court must look to the nature and

JS-6; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03145 AHM (PLAx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | WALTER KOSTRZEWA v. NOVARTIS PHARMACEUTICALS CORP. | | |

quality of the witnesses' testimony with respect to the issues of the case.") (internal citation omitted). Here, Plaintiff has provided no information concerning the location of potential witnesses. However, because Plaintiff resides in the District of Massachusetts, and presumably obtains medical treatment in the District of Massachusetts, the testimony from the treating physicians will most likely be provided by witnesses who reside in or near the District of Massachusetts. As such, this factor favors transfer to the District of Massachusetts.

### 3. Ease of Access to Evidence

As discussed above, the allegations in the Complaint are largely based on events that presumably took place in either the District of Massachusetts or in New Jersey. As such, much of the documentary evidence in this case is likely located in the District of Massachusetts. Accordingly, this factor favors transfer to the District of Massachusetts.

### 4. Plaintiffs' Choice of Forum

When considering a transfer, a court generally gives the plaintiff's choice of forum "great weight" and there must be a "strong showing of inconvenience" to upset that choice. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *Decker Coal Co.*, 805 F.2d at 843. Plaintiff's choice is given less weight, however, where the chosen forum lacks any significant contact with the activities alleged in the complaint. According to the Ninth Circuit:

> Plaintiff's choice of forum, then, is not the final word. In judging the weight to be given such a choice, as is the case with other types of actions, consideration must be given to the extent both of the defendant's business contacts with the chosen forum and of the plaintiff's contacts, including those relating to his cause of action. If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration.

*Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968) (footnote omitted);

JS-6; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03145 AHM (PLAx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | WALTER KOSTRZEWA v. NOVARTIS PHARMACEUTICALS CORP. | | |

*see also Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005) ("[N]umerous courts have given less deference to the plaintiff's choice of forum where the action has little connection with the chosen forum.").

Here, the majority of the events giving rise to Plaintiff's claims occurred in the District of Massachusetts, not the Central District. Indeed, there is no indication in the Complaint that any of the alleged events took place in the Central District. Thus, this factor also favors transfer to the District of Massachusetts.

5. <u>Interests</u> <u>of</u> <u>Justice</u>

The final factor in the § 1404 analysis has been called a "catch-all" for various arguments. *See* 17 James Wm. Moore, Moore's Federal Practice § 111.13[1][n], at 111-90 (3d ed. 2004). Under this factor, courts often consider such things as the relative interests of the competing venues in the litigation. Here, because Plaintiff is a citizen of the District of Massachusetts, and no party is a citizen of the Central District of California, the District of Massachusetts has a stronger interest in this litigation. Other than the fact that three of the four law firms representing Plaintiff in this action maintain offices in the Central District of California, a consideration that is of little value in assessing the convenience of any particular venue, there does not appear to be any reason for this case to be tried in the Central District of California.

Moreover, on April 13, 2011, the Judicial Panel on Multidistrict Litigation suspended automatic transfers of additional actions to MDL 1760. Although parties may still seek transfer to MDL 1760, the Judicial Panel on Multidistrict Litigation states that the MDL court's work "has reached an advanced stage" and the MDL judge has "begun suggesting remand of cases under Section 1407 to their respective transferor districts and intends to accelerate this process . . . ." Even after this case is transferred to the District of Massachusetts, Plaintiff may still seek to have this action transferred to MDL 1760. But if that transfer is declined, or once the matter is litigated in the MDL and then remanded to the transferor district, the action should start in the district that is convenient for the parties and witnesses. As a result, there is no reason why this action should not be transferred to the District of Massachusetts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03145 AHM (PLAx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | WALTER KOSTRZEWA v. NOVARTIS PHARMACEUTICALS CORP. | | |

## III. CONCLUSION

For the foregoing reasons, and having considered the relevant factors, the Court concludes that transferring this case will better serve the interests of justice and the convenience of the parties and witnesses. Transfer under § 1404(a) is therefore appropriate. The Court hereby orders the Clerk to transfer this action to the United States District Court for the District of Massachusetts.

|  | : |
|---|---|
| Initials of Preparer | SMO |

**JS-6**